IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIAM M. LINEBERRY,

    Petitioner,

vs.                                    No. 05-2104-Ml/V

WARDEN, FMC-BUTNER,

    Respondent.

---

ORDER CORRECTING THE DOCKET
AND
ORDER DIRECTING PETITIONER TO FILE AN IN FORMA PAUPERIS AFFIDAVIT
OR PAY THE HABEAS FILING FEE

---

Petitioner William M. Lineberry, Bureau of Prisons ("BOP") inmate registration number 16394-076, an inmate at the Federal Medical Center in Butner, North Carolina ("FMC-Butner), filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 31, 2005. The Clerk shall record the Respondent as the warden at FMC-Butner.[1]

---

[1] Although the petition lists the Commissioner of the BOP (whose title is Director rather than Commissioner) as an additional Respondent, the only proper respondent to a habeas petition ordinarily is the warden of the prison where the petitioner is incarcerated. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004). The Clerk is ORDERED to remove the Director of the BOP as a party to this action.

Moreover, the docket sheet for this case incorrectly lists the Petitioner's address as the Federal Correctional Institution in Memphis. The clerk is ORDERED to correct the docket to reflect the address stated on the petition.

(continued...)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-22-05



A habeas petition carries a filing fee of five dollars ($5.00). 28 U.S.C. § 1914(a). Lineberry's petition is not accompanied by either the filing fee or a motion to proceed in forma pauperis. Accordingly, Lineberry is ORDERED either to submit a properly completed in forma pauperis affidavit demonstrating his indigency, along with an inmate trust fund account statement, or pay the filing fee within thirty (30) days of the date of entry of this order. The Clerk is ORDERED to mail a copy of the prisoner in forma pauperis affidavit to Petitioner along with this order.[2] Failure to timely comply with any requirement of this order will result in dismissal of the petition without further notice for failure to prosecute.

IT IS SO ORDERED this 21 day of April, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] (...continued)
Finally, the docket sheet incorrectly states that this action is a motion pursuant to 28 U.S.C. § 2255 even though that statute is not cited in the Petitioner's papers. The Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), cautioned district courts against unilaterally construing filings by pro se prisoners as § 2255 motions. The Clerk is ORDERED to correct the docket to reflect that this is a § 2241 petition.

[2] In the interest of expediting this matter, Petitioner is advised that, if his inmate trust fund account has a balance of at least twenty-five dollars ($25.00), an application to proceed in forma pauperis will be denied.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02104 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

William Mark Lineberry
FCI-MEMPHIS
16394-076
P.O. Box 34550
Memphis, TN 38184

Honorable Jon McCalla
US DISTRICT COURT