IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ₩ D.C.

05 JUN 30 PM 5:03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

WILLIAM M. LINEBERRY,

    Petitioner,

vs.

                             No. 05-2104-M1/V

WARDEN, FMC-BUTNER,

    Respondent.

ORDER VACATING MAY 31, 2005, ORDER AND JUDGMENT
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner William M. Lineberry, Bureau of Prisons inmate registration number 16394-076, an inmate at the Federal Medical Center in Butner, North Carolina, filed a *pro se* petition pursuant to 28 U.S.C. § 2241 on January 31, 2005. The Court issued an order on April 21, 2005, directing the Petitioner, within thirty (30) days, to file a properly completed *in forma pauperis* affidavit demonstrating his indigency, along with an inmate trust fund account statement, or pay the habeas filing fee. Because it appeared that Lineberry had not complied with, or otherwise responded to, this order within the specified time, the Court issued an order on May 31, 2005, dismissing the petition for

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-1-05

⑧

failure to prosecute. Judgment was entered on May 31, 2005. Upon receipt of the dismissal order, a relative of Lineberry contacted the Clerk and provided a receipt number demonstrating that he paid the habeas filing fee on May 2, 2005. The Clerk apparently failed to record that fact on the docket sheet or to place a copy of the receipt in the case file. As the Petitioner timely complied with the Court's order, the Court VACATES the May 31, 2005, dismissal order and judgment.

On October 29, 1998, a federal grand jury returned a four-count indictment against Lineberry. The first count charged Lineberry with possession of cocaine on or about October 14, 1997, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count charged Lineberry with possession of cocaine base on or about May 4, 1998, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The third count charged Lineberry with possession of cocaine base on or about May 8, 1998, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The fourth count charged Lineberry with possession of methamphetamine on or about August 6, 1998, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Pursuant to a written plea agreement, Lineberry appeared before this Court on January 21, 1999, to enter a guilty plea to the fourth count of the indictment. In exchange, the Government agreed to move for dismissal of the first three counts of the

2

indictment at the sentencing hearing and to recommend a sentence at the low end of the guideline range.[1] The Court issued an order accepting the guilty plea on January 22, 1999.

After reviewing the presentence report, Lineberry filed his objection on April 1, 1999. Thereafter, on April 26, 1999, the Court advised the parties that it was rejecting the plea agreement because Lineberry had denied facts relating to his guilt on Count 4 of the indictment. Lineberry filed a motion for reconsideration on April 28, 1999, along with an amended response to the presentence report. The Court conducted a hearing on the motion for reconsideration on May 5, 1999, at the conclusion of which the Court announced that the previous order rejecting Lineberry's change of plea would be reversed. A written order to that effect was entered on May 10, 1999.

The Court conducted a sentencing hearing on May 21 and September 30, 1999, at which time Lineberry was sentenced to one hundred nine (109) months imprisonment, to be followed by five years of supervised release.[2] Judgment was entered on October 4,

---

[1] Paragraph 3 of the plea agreement provided as follows:

The parties agree that if the defendant should attempt to withdraw his guilty plea for any reason whatsoever, or if he contends that he is not guilty of the offense or offenses to which he has pleaded guilty, then the government will not be bound by the terms of this plea agreement. The parties further agree, however, that the defendant will be bound by this plea agreement should he attempt to withdraw his guilty plea and not be allowed to do so by the district court.

[2] Pursuant to § 2D1.1(c)(7) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for two ounces of methamphetamine is 26.
(continued...)

3

1999. The United States Court of Appeals for the Sixth Circuit affirmed Lineberry's sentence. United States v. Lineberry, 7 Fed. Appx. 520 (6th Cir. Mar. 28, 2001) (per curiam).

Lineberry filed a motion pursuant to 28 U.S.C. § 2255 on March 18, 2002. Among the issues raised in that motion was a challenge to the Court's factual finding that Lineberry was responsible for two ounces of methamphetamine. District Judge Bernice B. Donald issued an order on June 3, 2002, dismissing the motion and denying a certificate of appealability. Lineberry v. United States, No. 02-2186-D/A (W.D. Tenn.). Lineberry filed a motion for reconsideration, which Judge Donald denied in an order issued on September 6, 2002. Lineberry attempted to appeal, and the Sixth Circuit denied a certificate of appealability. Lineberry v. United States, No. 02-5924 (6th Cir. Mar. 19, 2003).

Lineberry has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks a reduction of his sentence pursuant to the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Lineberry filed another document on February 8, 2005, consisting of (i) excerpts from the presentence report, along with a note from Lineberry challenging the drug

---

[2] (...continued)
Lineberry received a two-level enhancement for obstruction of justice pursuant to § 3C1.1, resulting in a base offense level of 28. Given his criminal history category of III, the guidelines provided a sentencing range from ninety-seven (97) to one hundred twenty-one (121) months.

4

quantity contained in the presentence report; (ii) two pages of what appears to be a brief in support of Lineberry's § 2255 motion; and (iii) a series of certificates attesting to his rehabilitation.

As a preliminary matter, the Western District of Tennessee is not the proper venue for this § 2241 petition. The proper venue for a § 2241 petition is the prisoner's place of confinement. Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); see also United States v. Griffith, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California").

Although the Court is authorized, pursuant to 28 U.S.C. § 1406(a), to transfer this petition to the appropriate judicial district, transfer is not required where it is apparent that the petitioner is not entitled to relief on the merits. See, e.g., Passic v. State, 98 F. Supp. 1015, 1016 (E.D. Mich. 1951) (finding transfer of frivolous habeas petition not in the interest of justice); see also Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice"

5

where the case, if transferred, would merely be dismissed in the transferee court); Froelich v. Petrelli, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California where claim is barred by statute of limitations); Viaggio v. Field, 177 F. Supp. 643, 645 (D. Md. 1959). The Court determines, as discussed below, that Lineberry is not entitled to relief under § 2241. Accordingly, the interests of justice do not demand that this petition be transferred.³

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

---

³ This conclusion is reinforced by the fact that this Court presided over Lineberry's guilty plea and sentencing.

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

7

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[4]

Moreover, in order to obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the

---

[4] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, the Court cannot grant relief on the basis of Lineberry's objection to the drug quantity in the presentence report as that issue pertains to the imposition of Lineberry's sentence rather than its execution. Moreover, those issues were raised in the sentencing hearing, where the Court rejected them on the merits. Lineberry also raised the issue in his § 2255 motion, where it was rejected as not cognizable in a § 2255 motion and on the merits. Lineberry v. United States, No. 02-2186-D/A (W.D. Tenn.), 06/03/02 Order at 4-6; see also id. at 12-13. Lineberry reiterated his objections to the drug quantity in his motion for reconsideration, and Judge Donald again rejected those arguments. 09/06/02 Order at 2-3. A § 2241 petition is not an appropriate forum for relitigating matters that have been previously decided.

Lineberry is also not entitled to relief pursuant to the Supreme Court's recent decisions in United States v. Booker, 125 S. Ct. 758 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004). First, these claims go to the imposition of Lineberry's sentence rather than its execution, making them inappropriate for a § 2241 petition. See supra pp. 6-7.

9

Second, the Sixth Circuit has held that a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2004), cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Lineberry has no valid argument that he is actually innocent, he cannot raise his Blakely and Booker claims in a § 2241 petition.[5]

As Lineberry is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th

---

[5] Finally, only prisoners whose convictions had not become final when the decisions in Blakely and Booker were issued are entitled to relief on the basis of those decisions. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Blakely and Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005).

Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997

11

WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. P. 24(a)(1), which provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous. Fed. R. App. P. 24(a)(3).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this 30 day of June, 2005.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02104 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

William Mark Lineberry
FMC BUTNER
16394-076
P.O. Box 1600
Butner, NC 27509

William Mark Lineberry
FMC BUTNER
16394-076
P.O. Box 1600
Butner, NC 27509

Honorable Jon McCalla
US DISTRICT COURT